# Henry A. Martin, Appt., v. Joseph M. E. Ambler.

Equity will, at the instance of a mortgagee, intervene by injunction to prevent a mortgagor in possession from committing on the premises such waste as will impair the security of the mortgage, by quarrying stone and removing sand.

(Argued April 22, 1887.  Decided May 2, 1887.)

January Term, 1887, No. 327, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ.  Certiorari sur appeal from a decree of the Common Pleas of Montgomery County granting a preliminary injunction.  Affirmed.

.The bill of the plaintiff Ambler, supported by affidavits, alleged:

1. That on the 9th day of February, 1886, he sold and conveyed to the said defendant, Henry A. Martin, 3 acres and 110 perches of land, situated in the village of Ambler in Upper Dublin township, in said county of Montgomery.

2. That on the said 9th day of February, 1886, the said defendant executed in favor of complainant his mortgage for the whole purchase money for the premises conveyed, to wit, in the sum of $3,503, payable within two years, with interest payable semi-annually.

3. That on the same day aforesaid, he agreed with the said defendant that upon the sale of said premises in lots, he would release such lot sold upon the payment of a sum equal to the proportionate part of an acre at the rate paid per acre.

4. That the understanding between said parties was that the said premises were to be sold out in lots for building purposes.

Cited in Real Estate Trust Co. v. Hatton, 194 Pa. 449, 451, 45 Atl. 379.

NOTE.—The mortgagor in possession, or his assignee for the benefit of creditors, may be restrained from committing acts which will impair the security of the mortgagee.  Righter v. Hamilton, 10 Pa. Co. Ct. 260; McMullen v. Harbert, 7 Phila. 325; Morris's Appeal, 88 Pa. 368; Real Estate Trust Co. v. Hatton, 194 Pa. 449, 45 Atl. 379.  So the selling of fixtures as personalty will be prohibited.  Witmer's Appeal, 45 Pa. 455, 84 Am. Dec. 505; Bergey v. Kline, 4 Montg. Co. L. Rep. 160; Landell v. Harrison, 16 Phila. 85,

5. That the said Martin, instead of selling the same in lots or retaining the land in the connection purchased, sold the soil of a portion of said premises, and has opened sand and stone quarries, and disposed, and is still disposing, of the sand and stone to divers persons, for purposes foreign to the improvement of said premises.

6. That by reason of the waste being and about being done by the said defendant, the security of complainant for his purchase money, intended to have been secured by said mortgage, is lessened and made, if permitted, wholly insufficient for its payment, as by so mining he will destroy the lands for the purpose of building thereon, and the land will be made waste land, without value for any purpose.

7. That the only security complainant has for his purchase money for said land is the land itself, complainant believing that it is all the property owned by said defendant.

The bill prayed: I. That an injunction issue preliminary until hearing, and perpetual thereafter, to restrain the said defendant, his agents, and workmen from opening and working sand and stone quarries upon said premises, and committing further waste thereon.

II. Such other and further relief as complainant may be entitled to, and to the court may seem meet.

Upon granting the preliminary injunction as prayed BOYER, P. J., delivered the following opinion:

The plaintiff has supported the main averment of his bill, to wit, that the defendant is by his acts depreciating the present value of the mortgaged property, by the affidavits of a number of reputable citizens, residents of the vicinity. These affidavits have not been met by the affidavits filed in behalf of the defendant, which are mostly aside from the main point now at issue, namely, how the operations of the defendant affect the security of the mortgage.

Considering the liberal terms upon which the property was conveyed to the defendant, the whole of the purchase money being included in the mortgage, the mortgagee is specially entitled to protection from waste. It is true the defendant alleges a scheme for building which, if successfully carried out, might result in adding to the value of the property; but there is no present assurance that it will be realized, and in the meantime the security of the plaintiff's mortgage is being seriously de-

preciated. Until, therefore, the defendant shall show some tangible evidence of the realization of his plan, the court must consider his present operations upon the premises, under the evidence, as waste, from which the plaintiff is entitled to relief.

Until, therefore, the defendant shall exhibit to the court some proof of contracts for houses actually made with responsible parties, or in some other way satisfactorily show that his present scheme is more than a mere contingent operation, or further secure the plaintiff from probable loss in case the defendant's project should fail, we feel it to be our duty to grant the preliminary injunction prayed for, upon the plaintiff giving the usual security in the sum of $1,000, with leave to defendant at any time to move for a dissolution of the injunction on five days' notice.

Subsequently the defendant, Martin, moved to dissolve the preliminary injunction, and contended that the excavations complained of were for the purpose of opening a street through the land. On this point the depositions in support of the notice were contradictory.

Upon overruling the motion BOYER, P. J., delivered the following opinion:

Since the issuing of the preliminary injunction in this case nothing has appeared to alter the view of the court in according to the plaintiff the protection he sought by his bill. Eleven disinterested witnesses have, in their affidavits, testified that the acts of the defendant have depreciated the value of the property, and if allowed to proceed will continue further to reduce the market value of the property and endanger the security of the plaintiff's mortgage. Against this testimony the defendant has made but a feeble showing, and has not established either the necessity of his acts or the likelihood of their not resulting in the depreciation of the premises.

The defendant's theory for the excavations upon the ground may be correct, but it is speculative; and he is unfortunate in being alone in his views of the improvement of the property thereby. In the eyes of others his excavations are waste. From this the mortgagee is entitled to protection until the defendant, by reducing the amount of the mortgage, or by some other satisfactory arrangement, has sufficiently secured the mortgagee from probable loss by his experiment. And now, February 7, 1887, the motion to dissolve the preliminary injunction is overruled.

The assignments of error specified the action of the court in granting the preliminary injunction, and in refusing to dissolve it.

*J. S. Freeman* and *William Gorman,* for appellant.—A preliminary injunction should never be granted, except in a clear case of right, and in order to prevent irreparable injury. Audenried v. Philadelphia & R. R. Co. 68 Pa. 370, 8 Am. Rep. 195; Brown's Appeal, 62 Pa. 17; Clark's Appeal, 62 Pa. 447; Leininger's Appeal, 106 Pa. 398.

If the damages are susceptible of compensation, no injunction should be granted. Richards's Appeal, 57 Pa. 105, 98 Am. Dec. 202; Mayer's Appeal, 73 Pa. 164.

*C. H. Stinson,* for appellee.—A mortgagor in possession is considered the owner of the property, and he may exercise all the rights of ownership. But if the security is insufficient, an injunction may go against a mortgagor. Bispham's Eq. § 433, p. 482.

The mortgagor may exercise the rights of an owner while in possession, provided he does nothing to impair the security; and a court of chancery will always, on application of the mortgagee, and with that object in view, stay the commission of waste by the process of injunction. 4 Kent, Com. § 161.

The gist of the cause is showing that the security is being impaired. In the case at bar, the mortgage was given for the full amount of the purchase money of the property; and it is but reasonable to suppose that the amount of the mortgage showed the actual value of the property at the time of the sale, and that any act that would render the value of the property less than it was at the time of sale would also render the security of the mortgagee insufficient.

The two brief opinions filed by the court below are conclusive upon the question at issue, with which we do not doubt this court will concur after examining the affidavits (on its merits, with reference to the matters upon which the court below granted the interlocutory injunction), and say that the discretion of the court was rightly exercised, this being all that this court has ever done, in the hearing of an appeal on a preliminary injunction. Hoffman's Appeal, 10 W. N. C. 401; Paxson's Appeal, 106 Pa. 429.

PER CURIAM:

On the facts found by the learned judge and fully sustained by the evidence, there was no error in granting the preliminary injunction, and in refusing to dissolve the same.

That the appellant was reducing the value of the property, and lessening and endangering the security of the appellee, is clearly shown.

Decree affirmed and appeal dismissed, at the costs of the appellant.