The Real Estate Trust Company of Philadelphia and Stephen S. Price, Trustees under the Will of Margaret S. Price, Appellants, *v.* Owen Hatton.

*Equity—Mortgage—Waste—Injunction.*

A mortgagee may maintain a bill in equity to restrain the digging of clay and the construction of a brickyard on the mortgaged premises, if such work will cause a material depreciation in the value of the property.

Where a bill in equity to prevent waste furnished grounds for an injunction, and the only doubt raised as to whether the injunction shall issue is based upon defendant's answer to the bill, and the assurance of his counsel in court that he had no intention of doing that of which plaintiffs complain, the bill, should be maintained, with leave to plaintiffs to move for an injunction whenever the defendant disregards their avowed intentions.

Argued Jan. 11, 1900. Appeal, No. 279, Jan. T., 1899, by plaintiffs, from decree of C. P. No. 1, Phila. Co., March T., 1899, No. 1090, on bill in equity. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Bill in equity for an injunction to restrain waste.

From the record it appeared that plaintiffs were owners of a mortgage on land, the title to which was in William J. Smith, but which was alleged to be owned by Owen Hatton, the defendant. In May, 1899, it was alleged that Hatton began to dig clay on the land and to construct thereon a brick kiln. Defendant, by his answer and by the oral statement of his counsel, disclaimed an intention to do that which the bill alleged.

BIDDLE, P. J., filed the following opinion :

It is the fundamental rule in equity practice that a doubt upon the question of injunction is to be decided in favor of the defendant. The courts do not grant an injunction when there is a doubt in their mind as to the right to do a certain thing. The defendant has sworn positively that he has no intention of doing that of which the bill complains, and he has stated through his counsel in court that he has no intention of doing it. In addition to that he says that he will give you

notice before he makes any attempt to do that of which you complain, sufficient notice for you to apply to the court to have it prevented.   Under these circumstances we do not consider ourselves in position to make use of this very imperative right of the court, and we therefore refuse the injunction.

And now, June 19, 1899, the above cause coming on for hearing upon bill, answer and proof, the court hereby refuses the injunction as prayed for and dismisses the plaintiffs' bill.

*Error assigned* was the decree of the court.

*C. H. Eimerman* and *E. Hunn Hanson*, for appellants.— Equity will by injunction enjoin a mortgagor from committing waste on the mortgaged premises, at the suit of the mortgagee: Righter & Hamilton, 10 Pa. C. C. R. 260; Allison's App., 77 Pa. 221; Westmoreland Coal Co.'s App., 85 Pa. 344; Martin's App., 9 Atl. Rep. 490 ; Denny v. Brunson, 29 Pa. 382.

*Leoni Melick*, of *Melick, Potter & Dechert*, for appellee.— Where the evidence leaves a doubt the injunction should not issue: Hafer v. Guyman, 7 Pa. Dist. Rep. 21.

OPINION BY MR. JUSTICE MCCOLLUM, January 29, 1900 :

In this case the court below refused to grant the injunction prayed for and dismissed the bill on the ground " that a doubt upon the question of injunction is to be decided in favor of the defendant." It is obvious from the brief opinion of the court below that the doubt was based upon the defendant's answer to the bill and his assurance through his counsel that he had no intention of doing that which was complained of therein, and that before any attempt was made to do it the plaintiffs should have notice on which they could apply to the court to have it prevented. On the hearing of the motion for an injunction considerable testimony was taken corroborative of the averments in the plaintiffs' bill, but no testimony was presented on the part of the defendant, who rested his defense on his answer and the oral statements of his counsel in court. The testimony introduced by the plaintiffs tended to show a material depreciation in the value of the property covered by their mortgage, and this depreciation was attributed by the witnesses to the digging of clay

and the construction of a brickyard thereon. Of course, excavations and constructions of this nature may materially detract from the security the mortgagee has if the property is located in a neighborhood suited to and intended for residences.

In Martin's Appeal, 9 Atl. Rep. 490, the vendor of the land received from the vendee a purchase money mortgage. The purchaser opened sand and stone quarries on the land, and the vendor filed a bill for an injunction to restrain the waste. The answer denied the quarrying and alleged the owner was grading the land to make it more valuable. The judge of the common pleas said: " The defendant's theory for the excavation upon the ground may be correct, but it is speculative, and he is unfortunate in being alone in his view of the improvement of the property thereby. In the eyes of others his excavations are waste. From this the mortgagee is entitled to protection until the defendant, by reducing the amount of the mortgage, or by some other satisfactory arrangement, has sufficiently secured the mortgagee from probable loss by his experiment." The bill and application for injunction were sustained, and on appeal to this Court the decree was affirmed. In Righter v. Hamilton, 10 Pa. C. C. R. 260, the court granted the injunction upon the authority of Martin's Appeal, supra, and said that " opening and operating a new mine or clay pit upon property where none existed at the time the mortgage was created is waste as against the mortgagee. Equity will, by injunction, enjoin a mortgagor from committing waste on the mortgaged premises, at the suit of the mortgagee. The mortgagee is entitled to all the protection his pledge, unimpaired, gives him. " The cases cited are referred to because they are, to some extent at least, analogous to the case under consideration.

In the case at bar the plaintiffs' bill and the testimony submitted in corroboration of its averments furnished ground for an injunction which the court should have granted unless substantial doubt was raised by the defendant's answer and his assurances through his counsel that he had " no intention of doing that of which the bill complains." But, while a doubt arising from the defendant's avowal of an intention to refrain from doing that of which the plaintiffs complain may have warranted a postponement of the issuance of an injunction, it did not require a dismissal of their bill. We are of the opinion, therefore, that the

bill should be reinstated, with leave to plaintiff to move for an injunction whenever the defendant disregards his avowed intentions in the premises.

The decree dismissing the plaintiffs' bill is reversed with direction to the court below to reinstate the bill and hold it, with leave to the plaintiffs to move for an injunction on the defendant's disregard of his avowed intention as above stated.