## Rush Township School District v. Titus et al.

*Equity — Injunction — Trustees — Taking unlawful possession of public school building.*

1. Breaking into a public school building and using it for the purposes of a private school without the permission of the school directors is a trespass remediable in equity by injunction.

2. In such case, on a bill in equity by the school district against the trespassers, a permanent injunction will be granted, although, after the filing of the bill, the building had been restored by the defendants to the proper officers of the district.

Bill in equity for injunction. C. P. Schuylkill Co., Nov. T., 1925, No. 5.

E. D. Smith and R. P. Hicks, for plaintiff.

M. M. Burke and M. J. Ryan, for defendants.

BERGER, J., Dec. 7, 1925.—The defendants were restrained by preliminary injunction from entering into or using the Leibig school-house No. 2, the property of the plaintiff, and from interfering with the possession, management, control and care of the same. The preliminary injunction was continued by agreement of the parties until final hearing. No answer having been filed within thirty days from the service of the bill, a decree *pro confesso* was entered Nov. 9, 1925. The facts stated in the bill are, therefore, presumed to be true, and the duty is now upon the court to make the appropriate findings and to enter the final decree in accordance with Rule 51 of the Rules of Equity Practice.

### Findings of fact.

1. The School District of Rush Township is a school district of the fourth class and owns a school-house known as the Leibig school-house No. 2, in the Township of Rush, Schuylkill County, Pennsylvania.

2. Ben Titus, John M. Ryan, George Titus, Nicholas De Martz, Albert Heckler, John Kester and Raymond Kester, of the defendants above named,

are residents of Rush Township, and Mary Birmingham, the other defendant, is a resident of Pottsville, Pa., residing temporarily in Rush Township.

3. On the 16th, 17th and 18th days of September, 1925, Ben Titus, George Titus and Nicholas De Martz, without the knowledge or consent of the Board of School Directors of the School District of Rush Township, broke the locks and entered into Leibig school-house No. 2 and took possession of the same, and placed therein school seats and other school equipment.

4. On Sept. 21, 1925, Ben Titus, John M. Ryan, George Titus, Nicholas De Martz, Albert Heckler, John Kester and Raymond Kester broke into and entered Leibig school-house No. 2 and took possession thereof, and continued to use and occupy the said building until Oct. 5, 1925, the date on which the bill of complaint was filed.

5. Mary Birmingham, one of the defendants, entered the said school-house on Sept. 21, 1925, and used it as a school-room in which to teach and hold a private school, without the consent or employment of the Board of School Directors of the School District of Rush Township, and against the known opposition and protest of the board of school directors.

6. The plaintiff has admitted that the defendants, since the filing of the bill, Oct. 5, 1925, have removed from Leibig school-house No. 2 the school seats and other school equipment which they had placed therein and have surrendered possession thereof to the plaintiff.

## Discussion.

The above stated findings, based upon admitted facts, clearly show that the defendants unlawfully took possession of the plaintiff's property. These acts of trespass, by reason of the persistency with which they were repeated before having been restrained by injunction, threatened to become of a permanent nature. The appropriate remedy against such trespasses is in equity by injunction, under the Act of June 16, 1836, P. L. 789; 2 Purdon, 1408. See, also, Walters v. McElroy et al., 151 Pa. 549; McGonigle et al. v. Saint Clair Coal Co., 71 Pa. Superior Ct. 480; Tide Water Pipe Co. v. Bell, 280 Pa. 104. Notwithstanding the discontinuance of the acts of trespass which led to the filing of the bill and the granting of the preliminary injunction and the restoration since the filing of the bill of the possession of the school-house to the proper officers of the School District of Rush Township, it is proper to maintain the bill on the authority of Real Estate Co. v. Hatton, 194 Pa. 449. To prevent with certainty a recurrence of the commission of similar acts of trespass by the defendants, instead of merely maintaining the bill with leave to plaintiff to move for an injunction whenever the defendants, or any of them, or any one by their direction, again commit, or threaten to commit, like trespasses, we are of the opinion that it is proper to enter a permanent injunction now restraining them from the commission of trespasses of a like character in the future.

## Conclusions of law.

1. The acts of the defendants in breaking into Leibig school-house No. 2 and in holding possession thereof and using it for private purposes are trespasses remediable in equity by injunction.

2. A bill in equity for an injunction to restrain a nuisance will be maintained, even though the nuisance has been abated by the defendants before answer filed, and when the trespasses have been of a flagrant nature, a permanent injunction to restrain the commission of future trespasses of like character will be granted.